IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 04-299 |
| | ) | Judge Nora Barry Fischer |
| VERNON JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM ORDER**

Presently before the Court is a "Motion for Sentence Reduction Supported with Decisive Disclosure Germane to Instant Case Under Rule 60(b)" filed by *pro se* Defendant Vernon Jackson on July 9, 2013. (Docket No. 551). Upon consideration of Defendant's Motion, and for the following reasons, Defendant's Motion [551] is DENIED.

In his Motion, Defendant invokes Rule 60(b) of the Federal Rules of Civil Procedure in an effort to challenge the Order and Final Judgment entered against him in § 2255 proceedings filed at the above-listed Criminal Action No. 04-299 (Docket Nos. 507, 508) and Civil Action No. 07-1525 (Docket Nos. 1, 2, 3) on December 30, 2008. This Court denied Defendant's earlier § 2255 petition after finding that he knowingly and voluntarily waived his right to file such a petition in his plea agreement with the Government and then denied his petition and a certificate of appealability. (Docket Nos. 507, 508). The United States Court of Appeals for the Third Circuit likewise denied Defendant's request for a certificate of appealability on July 24, 2009, noting that he had failed to show "that jurists of reason would debate [this Court's] finding[s] that his collateral waiver was knowing and voluntary" or "that enforcement of the collateral attack waiver would not work a miscarriage of justice." (Docket No. 519). It is well-established that a motion filed under Rule 60(b) constitutes a second or successive § 2255 petition, which may not be filed by a defendant without his first obtaining a certificate of appealability from the

1

Court of Appeals, "'if it attacks the federal court's previous resolution of a claim on the merits'" but not when it attacks "'some defect in the integrity of the federal habeas proceedings.'" *United States v. Andrews*, 463 F. App'x 169, 171-72 (3d Cir. 2012) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

Having fully considered the matters raised by Defendant in his Motion, and this Court's prior decision, (*see* Docket No. 507), it appears that Defendant largely reiterates similar arguments that were previously litigated before this Court and is improperly using Rule 60(b) as a vehicle to again attempt to collaterally attack the sentence of 188 months' incarceration imposed in his case by the Honorable Thomas M. Hardiman on December 22, 2006. Therefore, to the extent that the Rule 60(b) Motion is properly construed as a § 2255 petition, *see Andrews*, 463 F. App'x at 171-72, the same is denied for the same reasons articulated by this Court in the December 30, 2008 decision, i.e., the collateral attack waiver in Defendant's plea agreement with the Government bars his § 2255 claims. (*See* Docket No. 507, 508). Moreover, such Motion also must be denied because it constitutes a second or successive § 2255 petition and was filed without Defendant having first received a certificate of appealability from the Court of Appeals. *See* 28 U.S.C. § 2255(h) ("a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

The Court also denies Defendant's Motion to the extent that his *pro se* submission is broadly construed as seeking relief directly under Rule 60(b). (*See* Docket No. 551). As support, Defendant relies on alleged new evidence and purported changes in the law, including

the decision in *United States v. Savani,* No. 11-4359, 716 F.3d 66 (3d Cir. 2013), *opinion amended and superseded on denial of rehearing*, --- F.3d ----, 2013 WL 2462941 (3d Cir. Jun. 10, 2013). However, in this Court's estimation, Defendant has not cited any "new evidence" which is sufficient to be considered under Rule 60(b)(2) because all of the evidence he proffers was available at the time of the prior § 2255 proceedings in this case which concluded in 2008 and he has not articulated any reason why it was not presented in a more timely manner than his present submission nearly five years later.[1] *See* Fed. R. Civ. P. 60(b)(2) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: … (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."). In any event, Defendant largely challenges defects in the change of plea and sentencing hearings and the alleged ineffectiveness of his trial counsel's post-sentencing actions, issues which this Court previously discussed, at length, and found were without merit because such arguments were barred by the collateral attack waiver in Defendant's plea agreement with the Government and he knowingly and voluntarily assented to those terms. (*See* Docket No. 551, 507). Further, insofar as new matters are raised by Defendant in his present Motion, such as alleged errors by the District Court's consideration of the trial record in co-defendant Caplan's case at his sentencing hearing, they are also barred by the waiver. (*See id.*). Finally, the decision in *Savani* is of no assistance to Defendant because that case related to the eligibility of defendants who committed crack cocaine offenses for reductions of their sentences in § 3582(c) proceedings while Defendant was guilty of conspiracy to distribute heroin, a crime for which no recent

---

[1] Defendant's Rule 60(b) motion is also barred by the applicable statute of limitations. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

sentencing reductions have been authorized by Congress or the Sentencing Commission. *See Savani*, *supra*. Thus, the decision in *Savani* has no bearing on this case.

Based on the foregoing,

IT IS HEREBY ORDERED that Defendant's Motion [551] is DENIED; and,

IT IS FURTHER ORDERED that no certificate of appealability will issue as Defendant has not demonstrated a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2).

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: July 17, 2013

cc/ecf: All counsel of record.

    Vernon Jackson, *pro se*
    #08285-068
    USP Hazelton – Camp
    P.O. Box 2000
    Bruceton Mills, WV 26525