# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal No. 04-299 |
| | ) | Judge Nora Barry Fischer |
| VERNON JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 24th day of September, 2014, upon consideration of the "Motion for Sentence Reduction Pursuant to Decisive Disclosure Germane to Instant Case under 18 U.S.C. § 3582(c)" filed by *pro se* Defendant Vernon Jackson on September 5, 2014, wherein he argues that his sentence should be reduced from 188 months to 168 months under 18 U.S.C. § 3582(c)(2) in light of subsequent precedent in *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013), and this Court's prior Memorandum Order of July 13, 2013 denying Defendant's "Motion for Sentence Reduction Supported With Decisive Disclosure Germane to Instant Case Under Rule 60(b)," (Docket No. 552),

IT IS HEREBY ORDERED that Defendant's Motion [556] is DENIED. In so holding, the Court notes that to the extent that Defendant attempts to invoke § 3582(c) to support his requested sentence reduction, the same is only available in instances where the Sentencing Commission has issued amended guidelines authorizing sentence reductions and the career offender guidelines he challenges have not been so amended at this time. *See United States v. Oliea*, 506 F. App'x 523 (7th Cir. 2013) ("§ 3582(c)(2) authorizes a court to modify a sentence only *based upon an amendment to the guidelines*" and does not permit a sentence reduction in light of *Descamps*). Further, as the Court stated in its prior Memorandum Order, to the extent that Defendant's Motion is more properly construed as a motion to vacate sentence under 28

U.S.C. § 2255, this Court lacks jurisdiction to entertain any § 2255 petition from Defendant because he previously filed such a petition, which was denied by this Court (Docket Nos. 507, 508) and the Court of Appeals denied his request for a certificate of appealability, (Docket No. 519). Hence, Defendant's Motion constitutes a second or successive § 2255 petition which has been filed in the District Court without Defendant having received a certificate of appealability from the Court of Appeals. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). Finally, "the Supreme Court has not made *Descamps* retroactive on collateral review," *Groves v. United States*, --- F.3d ----, 2014 WL 2766171, at *4 (7th Cir. 2014), such that any § 2255 petition relying on this decision is without merit and is properly dismissed, *see United States v. Wilson*, Crim. No. 06-97, 2014 WL 3339632 (W.D. Pa. Jul. 8, 2014) (McVerry, J.).

IT IS FURTHER ORDERED that no certificate of appealability will issue as Defendant has not demonstrated a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2).

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc/ecf: All counsel of record.

Vernon Jackson, *pro se*
#08285-068
USP Hazelton – Camp
P.O. Box 2000
Bruceton Mills, WV 26525